Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Mark Filip | Sitting Judge If Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 5462 | **DATE** | 7/22/2004 |
| **CASE TITLE** | Justin B., et al vs. Laraway Community Consolidated School Dst. 70C | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] ENTER MEMORANDUM AND OPINION DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [14-1]. Status hearing set for 8/9/04 at 10:00a.m.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | **Document Number** |
|---|---|---|---|---|
| | No notices required. | | 1 – Schenker *number of notices* | |
| | Notices mailed by judge's staff. | | JUL 2 3 2004 *date docketed* | 27 |
| | Notified counsel by telephone. | | | |
| ✓ | Docketing to mail notices. | | GMA *docketing deputy initials* | |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | | |
| ✓ | Copy to judge/magistrate judge. | | *date mailed notice* | |
| TBK | courtroom deputy's initials | 2004 JUL 22 PM 3:01 Date/time received in central Clerk's Office | *mailing deputy initials* | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

Justin B., and Mr. and Mrs. B., Individually )
and as Parents and Next Friends of Justin B., )
)
         Plaintiffs, )   No. 03 C 5462
)   Judge Mark Filip
)
)
Laraway Community Consolidated )
School District 70C, )
)
         Defendant. )

**DOCKETED**
**JUL 2 3 2004**

## MEMORANDUM AND OPINION DENYING DEFENDANT'S
## MOTION FOR SUMMARY JUDGMENT

Plaintiffs Justin B. and Mr. and Mrs. B., individually and as parents and next friends of Justin B., filed this suit against Defendant Laraway Community Consolidated School District 70(c) ("School District" or "Defendant"), seeking attorneys' fees as prevailing parties in a due process hearing under a fee-shifting provision of the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400 *et seq.* Before the Court is the School District's Motion for Summary Judgment ("Motion" or "Mot."). For the following reasons, Defendant's Motion is denied.

## BACKGROUND[1]

Justin B. was born on April 13, 1992. (Def.'s St. ¶ 1.) He is a student with multiple learning disabilities and, at times material to this suit, he was in the third grade. (*Id.*) Defendant is a school district located in Will County, Illinois. (*Id.* ¶ 4.) On February 4, 2002, Justin's

---

[1]     The following facts are undisputed.

parents requested a due process hearing to address certain disagreements over the special education services that the School District offered to Justin. (*Id.* ¶ 6.) A due process hearing (it is unclear from the record whether it was a Level I or Level II hearing) was held on December 5 and 10, 2002, and was continued on January 9, 2003. (*Id.* ¶ 7.)[2]

The hearing officer issued her decision and order ("Decision") on March 10, 2003. (*Id.* ¶ 9.) On March 19, 2003, Justin's parents' counsel requested clarification of the Decision. (*Id.* ¶ 10.) The hearing officer responded to Justin's parents' request for clarification on April 8, 2003. (*Id.* ¶ 11.) In doing so, the hearing officer stated that the request was merely an attempt by Justin's parents' counsel to reargue issues and not a request for clarification of the Decision, as the regulations relevant to the due process hearing intended. (*Id.* ¶¶ 12-13.)

On August 6, 2003, Plaintiffs filed a complaint in this Court under the IDEA, requesting an award of attorneys' fees as a prevailing party in the due process hearing. (*Id.* ¶ 14.) The Defendant has moved for summary judgment, arguing that any claim for attorneys' fees is barred by the applicable statute of limitations. The Motion is denied.

## ANALYSIS

I.  Summary Judgment Standard

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no

---

[2] The Seventh Circuit instructs that "[a] Level I hearing is a hearing conducted by a local administrative officer in response to a complaint about services being provided to a particular child. A party may appeal the results of a Level I hearing to a Level II hearing before another administrative officer appointed by the state department of education." *See Rosemary B. ex rel. Michael B. v. Bd. of Educ. of Cmty. High Sch. Dist. No. 155*, 52 F.3d 156, 158 n.1 (7th Cir. 1995) (citing *Dell v. Bd. of Educ., Tp. High Sch. Dist. 113*, 32 F.3d 1053, 1055 (7th Cir. 1994)).

genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *accord Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

II. The IDEA

Under Section 1415(i)(3)(B) of the IDEA, this Court has discretion to award reasonable attorneys' fees to parents who qualify as prevailing parties in state administrative proceedings. *See* 20 U.S.C. § 1415(i)(3)(B); *see also Evanston Cmty. Consol. Sch. Dist. Number 65 v. Michael M.*, 356 F.3d 798, 804 (7th Cir. 2004). The Court may do so even though the claim for fees under the IDEA is the only claim asserted in federal district court. *See, e.g., McCartney C. v. Herrin Cmty. Unit Sch. Dist. No. 4*, 21 F.3d 173, 175-76 (7th Cir. 1994).

Justin's parents have asserted such a claim in the instant suit, and Defendant argues that the claim for attorneys' fees is barred by the statute of limitations. The Seventh Circuit has held that the statute of limitations applicable to a claim for attorneys' fees brought in Illinois under the IDEA is 120 days, which is the statute of limitations borrowed from the Illinois School Code. *See Rosemary B. ex rel. Michael B. v. Bd. of Educ. of Cmty. High Sch. Dist. No. 155*, 52 F.3d 156, 158 (7th Cir. 1995); *Dell v. Bd. of Educ., Tp. High Sch. Dist. 113*, 32 F.3d 1053, 1064 (7th Cir. 1994). Defendant argues that Plaintiffs' claim is barred because it was filed with this Court 140 days (Mot. at 2) after the impartial hearing officer issued her Decision, which makes Plaintiffs' suit for fees, in Defendant's view, 20 days too late.

A. The Plaintiffs' Claim For Attorneys' Fees Under The IDEA Did Not Accrue Until July 9, 2003

In evaluating a statute of limitations defense, the first question that must be addressed is when the cause of action accrued. In this case, that requires an assessment of when Plaintiffs'

3

claim for attorneys' fees under the IDEA accrued. The Seventh Circuit held in *McCartney* that the statute of limitations for a claim for attorneys' fees under the IDEA does not begin to run until the "decision in the paren[ts'] favor becomes final," which occurs either when the time for the district to administratively challenge the decision expires or, if the district proceeds with a judicial challenge, until 120 days after exhaustion of judicial remedies. *McCartney*, 21 F.3d at 175; *see also, e.g., Rosemary B.*, 52 F.3d at 159. In articulating this rule, *McCartney* rejected an alternative proposal that would have found that the cause of action for fees accrues immediately upon the rendering of any favorable decision along the chain of possible levels of administrative and/or judicial review. *See McCartney*, 21 F.3d at 175. The *McCartney* rule on accrual cuts down on the premature filing of fees suits (which suits may become unfounded if the school district prevails in any subsequent stages of litigation) and also promotes judicial economy because if there is an eventual appeal concerning the underlying litigation, issues related to the appeal and to the fees question can be taken up at the same time. *See id.* at 175-76.

In this case, the School District did not challenge any portion of the impartial hearing officer's Decision concerning Justin B.'s educational program. On July 7, 2004, the Court issued an order ("Order"), directing the parties to brief the issue of when the Decision became final for purposes of determining when the claim for attorneys' fees accrued under *McCartney*. In response to the Court's Order, the Defendant informed the Court that

> [i]f the Defendant had chosen to appeal that portion of the [impartial hearing officer's] decision related to the restitution of speech language services and/or the provision of compensatory speech services, the Defendant would have been required to commence a civil action. Pursuant to 105 ILCS 5/14-8.01(i), the civil action should have been brought in any court of competent jurisdiction within 120 days. Specifically, the Defendant would have had until July 8, 2003[,] in which to file an action in state or federal court.

4

(Def.'s Brief Pursuant to Court Order at 3.) As noted above, *McCartney* teaches that Plaintiffs' claim for attorneys' fees under the IDEA did not accrue until the hearing officer's decision became final. *See McCartney*, 21 F.3d at 175-76. Defendant's position concerning finality indicates that the Decision became final on or about July 9, 2003, after the 120 days Defendant had to seek review of the aspects of the decision that could potentially make Plaintiffs prevailing parties (and thus potentially entitle Plaintiffs to recover attorneys' fees under the IDEA). Based on the Defendant's representations to the Court, and in light of *McCartney*, the Court holds that Plaintiffs' claim for attorneys' fees did not accrue until at least July 9, 2003, making Plaintiffs' attorneys' fee claim timely (and rendering the arguments in Defendant's summary judgment briefs concerning tolling of the statute of limitations related to Plaintiffs' purported request for clarification moot). Plaintiffs had 120 days from the date of accrual to file this action. Defendant's Motion is, therefore, denied.

## CONCLUSION

For the foregoing reasons, Defendant's motion for summary judgment is denied.

_____
Mark Filip
United States District Judge
Northern District of Illinois

Dated: 7-22-04